UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAWUAN CRYSTAL BOYKIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-00120-TWP-MJD |
| ) | |
| HOLLYWOOD CASINO LAWRENCEBURG ) | |
| ) | |
| Defendant. ) | |

### ORDER ON PENDING MOTIONS AND FINAL ADMONISHMENT

This matter is before the Court on several Motions filed by *pro se* Plaintiff Jawuan Crystal Boykin ("Ms. Boykin"). Before the Court is a Motion for Clarification (Dkt. 46), Motion for Reconsideration of Summary Judgment (Dkt. 53), two Motions to Add Jurisdiction (Dkts. 66, 71), Motion to Address the Court (Dkt. 72), and Motion for Injunctive Relief (Dkt. 77). Ms. Boykin has also filed several documents docketed as "Submission of Proposed Order of Recusal," in which she requests "recusal of judge" (Dkts. 51, 52, 75). For the reasons explained below, the motions are **granted in part** and **denied in part**, the requests for recusal are **denied**, and Ms. Boykin is given a **final admonishment** to refrain from making premature, frivolous, and duplicative filings.

### I.       DISCUSSION

Upon screening of Ms. Boykin's Complaint, the Court determined that her claim against her former employer, Defendant Hollywood Casio Lawrenceburg ("the Casino") for race discrimination shall proceed (Dkt. 7 at 4). Specifically, Ms. Boykin alleges that the Casino wrongfully terminated her employment "after requiring [her] to work in an unsafe environment and [giving her white] attacker more favorable consideration," and that the Casino terminated her in retaliation for engaging in protected activity. *Id.* Because Ms. Boykin is a frequent litigator in

this Court, who continues to make duplicate, repetitive, and frivolous filings in both her open and closed cases despite warnings from the Court to refrain, a limited filing ban was imposed because of Ms. Boykin's failure to follow court orders (Dkt. 74).

The Court will first address the recusal requests before turning to the pending motions.

**A.     Recusal Submissions**

Ms. Boykin has filed duplicative Proposed Orders for Recusal (Dkts. 51, 52), in which she cites 28 U.S. Code § 144, alleging "[y]our honor is a personal stakeholder under the State of Indiana" and "Plaintiff has requested your honor to recognize the criminal complaints against several state of Indiana government representatives who were acting under color of law, and prominent business of the state."[1] (Dkts. 51, 52). In her Addendum to Entry 51 and 52 Requesting Recusal (Dkt. 75), Ms. Boykin "requests the recusal of Judge Tanya Walton Pratt for reasons stated in entry 51 and 52 of case no 4:25-cv-00120-TWP-KMB" and declares under penalty of perjury that the foregoing is true and correct. *Id.*

Section 144 requires the recusal of a district judge if "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time," and also be "accompanied by a certificate of counsel of record stating that [the affidavit] is made in good faith." *Id.*

---

[1] It appears that Ms. Boykin is referring to allegations made in unrelated cases (*Boykin v. FBI*, 4:25-cv-121-TWP-KMB; *Boykin v. EEOC*, 4:25-cv-125-TWP-KMB and *Boykin v. FBI*, 4:25-cv-152-TWP-KMB), which have been dismissed for failure to state a claim.

As an initial matter, the filings are deficient as they are not in the form of a motion. In the Notice to Pro Se Litigants, Ms. Boykin was informed that a "motion is the means by which a litigant seeks to have the Court take some form of official action" and "[i]f a litigant seeks such official action by the Court, the filing must include the word 'motion' in the title." (Dkt. 6). Although the filings are deficient, the Court will address the instant "submissions," but Ms. Boykin is forewarned that further submissions will not receive a ruling.

The Seventh Circuit Court of Appeals has stated that § 144 is "a powerful tool that could easily be abused," so a motion for recusal under § 144 can be denied "if the moving party fails to satisfy the statute's strict procedural demands." *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020). Title 28 U.S.C. §§ 144 requires recusal when the judge has a "personal bias or prejudice" against a party in the proceeding. In determining whether a judge must recuse under this actual bias standard, "the question is whether a reasonable person would be convinced the judge was biased." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (citation modified).

First, Ms. Boykin's requests are procedurally denied because no affidavits are attached to the filings, and the addendum which contains an affirmation does not independently allege a personal bias or prejudice. Second, Ms. Boykin's ground for recusal—that the undersigned "is a personal stakeholder under the State of Indiana" (Dkt. 51 at 2)—has no foundation in law or fact and is not the kind of specific fact that might warrant recusal. *See Hook*, 89 F.3d at 356.

Instead, Ms. Boykin expresses dissatisfaction with prior rulings in unrelated closed cases. Bias against a litigant must arise from extrajudicial sources. *United States v. Griffin*, 84 F.3d 820, 831 (7th Cir. 1996). Insofar as Ms. Boykin challenges the substance of the Court's rulings in this or her closed cases, no bias has been shown. *See Liteky v. United States*, 510 U.S. 540, 555, (1994) ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion"

as "they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved."); *see also Barnett v. City of Chi.*, 952 F. Supp. 1265, 1269 (N.D. Ill. 1997). Adverse orders and other judicial rulings are not sufficient to establish bias for disqualification. *See Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

Ms. Boykin's arguments for recusal consist of either "unsupported, irrational or highly tenuous speculation," *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)), or assertions about the validity of the Court's rulings. She offers no meritorious grounds for recusal. No reasonable person would be convinced the judge was biased based on these allegations. Accordingly, the Court **denies** the submissions and requests for recusal of judge.

**B.    Motion for Clarification (Dkt. 46)**

The Motion for Clarification is difficult to discern. It appears that Ms. Boykin challenges arguments made by opposing counsel in their Motion for More Definite Statement (Dkt. 25). She cites the American Bar Association Model Rules of Professional Conduct Rules 4.1 and 8.4, and asks the Court "Can an attorney make arguments that aren't true?" (Dkt. 46). The motion is **denied** because while a party can ask a judge for clarification on a ruling, she cannot ask the judge for legal advice or clarification of arguments made by opposing counsel.

**C.    Reconsideration of Motion for Summary Judgment (Dkt. 53)**

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence

4

precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a motion to reconsider is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Ms. Boykin initiated this action on June 25, 2025 (Dkt. 1), and on July 30, 2025, filed a Motion for Summary Judgment (Dkt. 16). The Court denied the motion for summary judgment because it was filed before the Casino had answered the Complaint and before the Court has held an initial status conference, issued a case management plan, or set any case management deadlines (Dkt. 17 at 3). The Court explained that that "parties did not have an opportunity to exchange any information before Boykin requested a decision on the merits of her claims. It is premature and inefficient to file a motion for summary judgment knowing that the opposing party will identify discovery it needs to respond to it." *Id.*[2]

In her motion for reconsideration, Ms. Boykins states, "[t]he case law defense counsel used to display an absolute privilege, which doesn't, gives your honor ability to grant summary judgement [*sic*] for the deceptive action." (Dkt. 53). Ms. Boykin has not shown that the Court committed a manifest error of law or fact in denying her motion for summary judgment as premature, or that newly discovered evidence precluded the ruling. Accordingly, the motion to reconsider is **denied**.

D.     **Motions to Add Jurisdiction (Dkts. 66, 71)**

These motions are **denied as moot**, as jurisdiction to bring the instant claim in federal court is not challenged.

---

[2] The Court also stated the motion was denied without prejudice to refile after the parties have met with the Magistrate Judge and engaged in discovery. *Id.*

E.  **Motion to Address the Court (Dkt. 72)**

In this motion, Ms. Boykin states:

> Plaintiff is subject to domestic violence in the home. Attached is a complaint of domestic violence that is related to this case. The local law enforcement is biased in handling plaintiff's reports of violence. Previously reported acts of domestic violence, the officers sided with plaintiff's live in boyfriend.
>
> Plaintiff has called the police and officers now refuse to come to her home.
>
> Plaintiff reports that her live in boyfriend is taking advantage of the deprivation of rights the police are exercising against plaintiff in retaliation to be violent in the home. This creates a situation of duress. . . .
>
> It is necessary for the court to grant plaintiff's crime victim's rights under 18 USC 3771.

(Dkt. 72 at 1).

The Motion is **granted** in that Ms. Boykin may address the Court, and the Court informs that this issue is best addressed in a state court proceeding. It is **denied** as to any relief in this action. While the Court is sympathetic to Ms. Boykin's situation with her live-in boyfriend, this unfortunate situation has nothing to do with the claims against the Casino.

F.  **Motion for Injunctive Relief (Dkt. 77)**

To obtain a preliminary injunction, a plaintiff first must show that: "(1) without this relief, [she] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [she] has some likelihood of prevailing on the merits of [her] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020) (citation modified). In her Motion for Injunctive Relief, Ms. Boykin argues there is a conspiracy between the Indiana Gaming Company, the Seafarer's Entertainment Allied Trust Union, the Lawrenceburg Police, and the Equal Employment Opportunity Commission (Dkt. 77). She argues:

> Without an injunction from the court, it is probable the Equal Employment Opportunity Commission will conceal or alter the record of the Seafarer's

> Entertainment Allied Trust Union investigation and available documents, because this was the action the Equal Employment Opportunity Commission took on behalf of the Indiana Gaming Company. The documents of both companies are relevant because they detail the event that led to plaintiff's wrongful termination and the retaliation that plaintiff reported from the community that works and lives locally in connection to the racial discrimination reported at South Dearborn School Corporation.

*Id.* at 2.

The Casino responds that the motion should be denied because "it seeks injunctive relief, that is not fully identified and is not supported by any legal authority, apparently targeting several non-parties including The Seafarer's Entertainment Allied Trust Union, the Lawrenceburg Police and the Equal Employment Opportunity Commission." (Dkt. 80). The Casino is correct; the motion does not address any of the elements required for injunctive relief. Therefore, the Court need not address the three threshold elements. As a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims on which a plaintiff is proceeding. *See DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (denying injunctive relief for a matter "lying wholly outside the issues in the suit" because injunctive relief is only appropriate "to grant intermediate relief of the same character as that which may be granted finally"); *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund,* 527 U.S. 308, 326 (1999) (explaining that where the requested injunction relates to matters "'lying wholly outside the issues in the suit,'" an injunction is beyond the power of the Court (quoting *De Beers Consol. Mines*, 325 at 220)); *see also Benisek v. Lamone*, 585 U.S. 155, 161 (2018) (The "purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held" (internal quotations omitted)).

As noted by the Casino, the motion fails to provide any support for the imposition of injunctive relief against the only named Defendant in this case—Hollywood Casino

Lawrenceburg—based on the alleged conduct of non-parties. This lawsuit is against the Casino only, and not the Seafarer's Entertainment Allied Trust Union, the Lawrenceburg Police, or the Equal Employment Opportunity Commission. The motion for injunctive relief is frivolous and therefore is **denied**.

**G.    Admonishment**

The Court issues this final admonishment to Ms. Boykin in this case. On September 15, 2025, the Court admonished and warned Ms. Boykin to refrain from filing premature or repetitious motions (Dkt. 45 at 5). Since the first admonishment, Ms. Boykin has filed at least 16 "submissions" or "addendums," not counting the motions addressed in this order (*See* Dkts. 47, 48, 49, 50, 54, 55, 57, 58, 62, 63, 64, 65, 67, 68, 69, 70). Thereafter, on October 27, 2025, the Court issued an order imposing a limited filing ban,[3] explaining that Ms. Boykin has continued to flood the Court with duplicative and frivolous filings (Dkt. 74). Ms. Boykin was WARNED that her currently pending cases may be dismissed, and the filing ban may be extended, if she continues to make frivolous filings in them. *Id*. at 5. Since that order, Ms. Boykin has filed two frivolous submissions in opposition to the filing ban (Dkts. 76, 78), which address parties in the closed cases, and the frivolous motion for injunctive relief (Dkt. 77). The Casino argues that this case should be dismissed as a sanction for Ms. Boykin's "contravention of Court orders and this latest costly, time-consuming, and frivolous motion." (Dkt. 80 at 2).

The Court declines to impose the sanction of dismissal at this time. Instead, the Court issues a **final admonishment**. Ms. Boykin is given a final admonishment and warning to **refrain** from filing premature or repetitious motions. The filing of additional addendums and submissions is **prohibited**. In this action, Ms. Boykin alleges race discrimination and retaliation against

---

[3] The filing ban excepted a Notice of Appeal, habeas case, or any criminal case in which Ms. Boykin is a defendant.

Hollywood Casino only, so any filing in this case must relate to these claims only. Ms. Boykin should only file motions, one response to any motion filed by the Defendant, and a reply. Presently, the only motion pending in this case is Defendant's Motion for More Definite Statement (Dkt. 34), to which Ms. Boykin has filed five responses (Dkts. 36, 39, 41, 42, 43). The Court will issue a ruling on the pending motion in due course. In the meantime, Ms. Boykin must be patient and respectful of the Court's and opposing counsel's time, follow the Court's orders, and await a ruling on the pending motion.

## II.   CONCLUSION

For the reasons stated above, Plaintiff Jawuan Crystal Boykin's Motion for Clarification Dkt. [46], Motion for Reconsideration Summary Judgment, Dkt. [53], two Motions to Add Jurisdiction, Dkts. [66], [71], and Motion for Injunctive Relief, Dkt. [77], are **DENIED**. Ms. Boykin's documents titled "Submission of Proposed Order of Recusal," in which she requests "recusal of judge", Dkts. [51], [52], [75], are **DENIED**. Ms. Boykin's Motion to Address the Court, Dkt. [72], is **GRANTED in part and DENIED in part.**

Ms. Boykin is given a **FINAL ADMONISHMENT AND WARNING** to refrain from filing premature, frivolous, or repetitious motions in this case. The filing of addendums or submissions is **PROHIBITED**. This case may be dismissed as a sanction if Ms. Boykin continues to ignore the Court's orders.

**SO ORDERED.**

Date: 11/24/2025

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

9

DISTRIBUTION:

Distribution:
JAWUAN CRYSTAL BOYKIN
708 Buena Vista Ave
Aurora, IN 47001

Craig M. Borowski
LITTLER MENDELSON, P.C. (Indianapolis)
cborowski@littler.com

Michelle R. Maslowski
LITTLER MENDELSON, PC
mmaslowski@littler.co